IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HAROLD F. ROSALES | § | |
| | § | |
| VS. | § | CIVIL ACTION NOS. 4:16cv530 |
| | § | ***Consolidated with*** 4:17cv130 |
| DIRECTOR, TDCJ-CID | § | |

## **MEMORANDUM OPINION AND ORDER**

*Pro se* Petitioner Harold Fernando Rosales filed the above-styled and numbered petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the Court will deny the petitions for the reasons stated below.

### **BACKGROUND**

Petitioner was charged with two counts of continuous sexual abuse of a child and one count of indecency with a child. Cause Nos. F-2011-2605-C, F-2011-2606-C, respectively. A jury found him guilty, and assessed punishment at thirty years for the first continuous sexual abuse of a child count, twenty-five years for the second, and twenty years for the indecency with a child conviction. The twenty-year and twenty-five-year sentences were to run concurrently with each other, and the thirty-year sentence was ordered to run consecutively to the other sentences. The Seventh Court of Appeals affirmed his convictions on July 28, 2014, when it dismissed his appeal pursuant to an *Anders v. California*, 386 U.S. 738 (1967), finding no nonfrivolous grounds for relief. *Rosales v. State*, Nos. 07-13-00387-CR, 07-13-003880CR, 2014 WL 3764597 (Tex. App. – Amarillo, 2013, pet. ref'd) (not designated for publication). The Texas Court of Criminal Appeals ("TCCA") refused Petitioner's petition for discretionary review ("PDR") on December 10, 2014.

On January 27, 2016, Petitioner filed his first and second state applications for writ of habeas corpus, which the TCCA dismissed as noncompliant on March 6, 2016. Petitioner then filed his third and fourth state applications for writ of habeas corpus on March 10, 2016, which the TCCA denied without written order on June 29, 2016. Petitioner filed the instant cases pursuant to 28 U.S. § 2254 on July 11, 2016, and filed an amended petition on December 16, 2016. In his § 2254 petitions, Petitioner asserts numerous grounds for relief. The Government filed a Response, asserting that Petitioner's issues are without merit, to which Petitioner filed a Reply. After conducting a thorough examination of these cases, the Court concludes that, not only does Petitioner fail to raise issues with merit, but more fundamentally, the petitions are procedurally barred by the statute of limitations.[1]

## ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted. The law made several changes to the federal habeas corpus statutes, including the addition of a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one-year limitations period shall run from the latest of four possible situations: the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review; the date an impediment to filing created by the State is removed; the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. at § 2244(d)(1)(A)-(D).

---

[1] Courts may consider *sua sponte* the statute of limitations defense. *Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir. 1999).

In the present case, Petitioner is challenging his convictions. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when the convictions became final. The TCCA refused Petitioner's PDRs on December 10, 2014. He then had ninety (90) days in which to file a writ of certiorari – until March 10, 2015. He did not file a writ of certiorari; thus, his one-year limitations deadline for filing his federal petitions for writ of habeas corpus was March 10, 2016. Petitioner did not file his § 2254 petitions until July 11, 2016.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a *properly filed* application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation (emphasis added). The Supreme Court held that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). It counseled that these rules govern "for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id*; *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004). The Fifth Circuit interprets the words "properly filed" narrowly. *Lookingbill v. Cockrell*, 293 F.3d 256, 160 (5th Cir. 2002).

Here, Petitioner filed his first two state writs on January 27, 2016, but the TCCA dismissed them as non-compliant on March 6, 2016. The TCCA did not consider the merits of Petitioner's first and second writs. Therefore, Petitioner's first and second state writs do not serve to toll the limitations period. *Artuz*, 531 U.S. at 8.

Petitioner's third and fourth state writs were filed on March 10, 2016, and were denied on June 29, 2016. The deadline for filing the instant federal writs was March 10, 2016. Accordingly, because Petitioner's third and fourth state were filed on March 10, 2016, their pendency tolled the
3

limitations deadline until they were denied on June 29, 2016. Petitioner did not file his federal writ until July 11, 2016 – twelve days beyond the limitations period. The Fifth Circuit notes:

> AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

*Lookingbill*, 293 F.3d at 265 (four (4) days late). *See also In re Lewis*, 484 F.3d 793 (5th Cir. 2007) (one (1) day late); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (twenty-one (21) days late), *cert. denied* 531 U.S. 1035 (2000); *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (four (4) days late); *Kiser*, 163 F.3d at 328 (two (2) weeks late). Thus, Petitioner's § 2254 petitions are time-barred in the absence of any other tolling provisions.

As a general rule, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998) (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324 (1996). The United States Supreme Court confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, and unfamiliarity with the

legal process are insufficient reasons to equitably toll the statute of limitations. *Felder*, 204 F.3d at 173. Petitioner fails to show, nor has the Court found any such evidence, that "rare and extraordinary circumstances" prevented him from seeking administrative or state or federal habeas corpus relief in a timely manner. Accordingly, the petitions are time-barred.

Even if the petitions were not time-barred, the Court reviewed the issues Petitioner raises, and found them to be without merit. The provisions of Section 2254(d) provide that an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) was contrary to federal law then clearly established in the holdings of the Supreme Court; (2) involved an unreasonable application of clearly established Supreme Court precedent; or (3) was based on an unreasonable determination of the facts in light of the record before the state court. *See Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). This presumption of correctness also applies to unarticulated findings that are necessary to the state court's conclusions of mixed law and fact. *Id*. at 948 n. 11.

A state application that is denied without written order by the TCCA, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). A review of Petitioner's cases reveals that the state habeas court considered the issues Petitioner

raises herein and denied relief, which is considered an adjudication on the merits. Petitioner fails to show that the state court proceedings were contrary to federal law then clearly established in the holdings of the Supreme Court, involved an unreasonable application of clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the record before the state court. *Richter*, 562 U.S. at 97-98.

In sum, Petitioner fails to show the state court erred in denying the issues raised in his state writs. Moreover, he fails to show he timely filed his petitions or that "rare and extraordinary circumstances" prevented him from timely filing. Petitioner filed his petitions twelve days after the limitations period had expired. Consequently, the petitions will be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not yet filed a notice of appeal, the Court will address whether Petitioner would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the Petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the denial of Petitioner's § 2254 petitions on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Petitioner is not entitled to a certificate of appealability.

It is therefore **ORDERED** the petitions for writ of habeas corpus are **DENIED**, and the cases are **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED.** If Petitioner has evidence that is not in the record showing that he is entitled to equitable tolling, he may file a motion for reconsideration in this Court.

**SIGNED this 26th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE